CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

APR 1 8 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CAROLYN F. RAMSEY, | ) CASE NO. 3:10CV00021 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J ASTRUE, Commissioner of Social Security, | ) |
| | ) By: B. Waugh Crigler |
| Defendant. | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's September 29, 2005 protectively-filed application for supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. § 1381 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision issued on October 9, 2007, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since September 29, 2005, her application date. (R. 22.) The Law Judge determined plaintiff suffered the following severe impairments: Marfan's syndrome, status post a mitral valve replacement and an aortic valve replacement; chronic otitis media; and is status post transient ischemic attacks, due to Coumadin

non-compliance and alcohol dependency. (*Id.*) The Law Judge further determined that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 23.) The Law Judge was of the belief that plaintiff retained the residual functional capacity ("RFC") to perform a full range of sedentary work. (*Id.*) The Law Judge found that this RFC precluded plaintiff from performing her past relevant work, but that other jobs exist in substantial numbers in the national economy that she could perform. (R. 29.) Ultimately, the Law Judge found plaintiff was not disabled. (*Id.*)

Plaintiff appealed the Law Judge's October 9, 2007 decision to the Appeals Council. (R. 7-9.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 7.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge erred in finding she could perform a full range of sedentary work because she suffers nonexertional limitations. (Pl's Supplemental Brief, pp. 3-5.) Plaintiff contends that if

2

the Law Judge had given "sufficient weight" to these impairments, he would have found that she suffers nonexertional impairments and sought testimony from a VE. (Pl's Supplemental Brief, p. 4.)

If a claimant has no nonexertional impairments[1] that prevent her from performing the full range of work at a given exertional level, the Commissioner may rely solely on the grids[2] to satisfy his burden of proof. *See Aistrop v. Barnhart*, 36 Fed. Appx. 145, 146 (4th Cir. 2002); *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). The grids are dispositive of whether the claimant is disabled only when the claimant suffers solely from exertional impairments. *Aistrop*, 36 Fed. Appx. at 146. When a claimant suffers from nonexertional impairments, or a combination of exertional and nonexertional impairments that prevent her from performing a full range of work at a given exertional level, the grids are used merely as a guide. *Id.* at 146-147. In that instance, the Commissioner must provide vocational testimony that jobs exist in the national economy that the claimant can perform. *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989).

The Law Judge relied on the grids because he found that plaintiff retained the RFC to perform a *full* range of sedentary work. (R. 29.) In support of this conclusion, the Law Judge

---

[1] "A non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category." *Aistrop*, Fed. Appx. at 147. Non-exertional limitations generally impact an individual's ability to meet the nonstrength demands of jobs and include the ability to hold, grasp, kneel, stoop and crouch. *Id.*

[2] The grids, located at 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's RFC, *i.e.*, his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue*, 2010 WL 1027492, * 3 n.4 (W.D.Va. 2010) (quoting *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981)).

3

relied on the evidence of a consultative evaluator, Chris Newell, M.D., and the State agency record reviewing physicians, William C. Amos, M.D. and Luc Vinh, M.D. (R. 28.)

The record reveals that Dr. Newell examined plaintiff on February 2, 2006. (R. 525-530.) He opined that plaintiff suffered the following impairments: possible COPD/tobacco abuse, peripheral vascular disease, diminished pulses, Marfan's syndrome, status post aortic and mitral valve replacements, and migraine headaches. (R. 527.) In assessing plaintiff's functional capacity, Dr. Newell found that plaintiff could stand and walk about four hours and sit six to eight hours in an eight-hour workday. (*Id.*) The physician further found that plaintiff could reach, handle, feel, grasp, and finger occasionally and frequently. (R. 528.) Most significantly, Dr. Newell determined that plaintiff should limit bending, stooping, and squatting because they could aggravate her headaches and dizziness. (R. 527-528.)

Dr. Amos, the State agency record reviewing physician, evaluated plaintiff's medical records on May 9, 2006. (R. 533-538.) He found that plaintiff could occasionally use ramps and climb stairs, but that she should never climb ladders, ropes or scaffolds. (R. 535.) No assessment of plaintiff's capacity to balance, stoop, kneel, crouch and crawl appears to have been made as that portion of the checklist is blank. (*Id.*)

Dr. Vinh, another State agency record reviewing physician, evaluated plaintiff's medical records on November 17, 2006. (R. 539-545.) Dr. Vinh opined that plaintiff could occasionally use ramps and climb stairs, but that she should never climb ladders, ropes or scaffolds. (R. 541.) Dr. Vinh further found that plaintiff could only occasionally balance, stoop, kneel, crouch and crawl. (*Id.*)

4

The opinions offered by Drs. Newell and Vinh show the existence of nonexertional limitations, such as limitations in kneeling, stooping and crouching. Dr. Amos' assessment, as it relates to these nonexertional limitations, is incomplete. Thus, these medical opinions fail to provide substantial evidentiary support for the Law Judge's finding that plaintiff can perform a full range of sedentary work. For these reasons, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment but REMANDING the case to the Commissioner for further proceedings at the final level of the sequential evaluation where vocational evidence may be taken in discharge of the Commissioner's burden to come forward with evidence of the jobs available to a person with plaintiff's maladies and resulting limitations.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

April 18, 2011
Date